UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JOHN HICKMAN** | **CASE NO. 5:20-CV-01027** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **JULIE JONES** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff, John Hickman ("Plaintiff"), filed this civil action against Defendant Julie Jones. The complaint does not assert a colorable federal claim, and there is no indication of diversity of citizenship. For the following reasons, it is recommended that the complaint be dismissed for lack of subject matter jurisdiction.

**Background**

Plaintiff has filed several prior unmeritorious civil actions with this Court. The prior actions complained primarily of alleged events that occurred while Plaintiff was an inmate in the Red River Parish jail. One of the prior actions, *Hickman v. Red River Health Dept.*, 16-cv-0195, was dismissed because most of the pleadings were impossible to decipher. Plaintiff now has two strikes under the AEDPA,[1] but because he is not currently incarcerated, any dismissal in this case will not count as an additional strike. *Hickman v. Red River Health Dept.*, 777 Fed. App'x 752 (5th Cir. 2019).

Plaintiff commenced this action by filing a *pro se* complaint form provided by the court. [doc. # 1]. The complaint lists Julie Jones as the only defendant, and the body of the complaint

---

[1] The three strikes provision applies only when the filer incarcerated or otherwise detained upon its commencement. 28 U.S.C. § 1915(g).

contains no allegations of fact. [doc. #s 1; 4]. The Plaintiff has checked a box indicating diversity jurisdiction, but he has asserted neither his citizenship nor the defendant's citizenship. [doc. #s 1; 4]. Even after amending the complaint, the Plaintiff has written only the words "cruel and unusual punishment" as a brief statement of his claim and has requested $100,000 as relief. [doc. #s 1; 4].

## Law and Analysis

Plaintiff is proceeding in forma pauperis, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate. *Humphries v. Various Federal U.S. INS Employees*, 164 F.3d 936, 941 (5th Cir. 1999).

Federal courts have limited jurisdiction, and thus "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994). There is a presumption that a suit lies outside that limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. *Settlement Funding, LLC v. Rapid Settlements, Ltd.,* 851 F.3d 530, 537 (5th Cir. 2017). Here, the potential grounds for the Court to exercise jurisdiction over this case are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Neither of these grounds for jurisdiction exists in this case.

1. Diversity Jurisdiction

Under Section 1332, federal courts can have jurisdiction over a case where there is complete diversity of citizenship; that is, a federal court can exercise diversity jurisdiction if no plaintiff shares the same state of citizenship as any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

Here, Plaintiff does not specifically allege his state citizenship nor does he allege the citizenship of the Defendant. However, Plaintiff listed for himself a Louisiana address in the complaint, indicating that he is most likely a citizen of Louisiana. [doc. # 1]. Plaintiff also listed a Louisiana address for Defendant Julie Jones, indicating that she is likely a citizen of Louisiana. Thus, from the pleadings it appears that there is no diversity of citizenship between Plaintiff and Defendant. The burden is on the Plaintiff to establish grounds for diversity jurisdiction, and he has not alleged sufficient facts to support diversity jurisdiction over this case.

2. Federal Question Jurisdiction

The complaint also lacks a basis for the exercise of federal question jurisdiction under Section 1331. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. *Gutierrez v. Flores,* 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. *In re: KSRP, Ltd.*, 809 F.3d 263, 267 (5th Cir. 2015)(citing *Bell v. Hood*, 327 U.S. 678 (1946)).

A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff filed his complaint on a form provided to *pro se* litigants by the court. The form used by Plaintiff asked him to check a box to indicate the basis for federal court jurisdiction. He checked only the box for diversity, and he did not check the box for federal question jurisdiction. The form also asked Plaintiff to write a short and plain statement of his claim. Though Plaintiff has already amended his complaint once, the only statement of his claim he has given is "cruel and unusual punishment." [doc. # 4]. Plaintiff's complaint does not set forth a non-frivolous federal claim on which jurisdiction may be based because he alleges no facts whatsoever that could give rise to a federal claim. There is not sufficient factual matter to state a claim that is plausible on its face, and so Plaintiff's complaint fails to present a federal question. Thus, there is no federal question jurisdiction.

## Conclusion

Given Plaintiff's history of filing indecipherable and incomplete pleadings, there is no reason to believe that affording him an additional opportunity to amend the complaint would result in his stating an actionable claim over which this court would have jurisdiction. Accordingly,

IT IS RECOMMENDED that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of November, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE